UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 1:22-CR-178

TREVELL RASHAAD WALKER        HON. ROBERT J. JONKER
                                                                    United States District Judge

    Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant, Trevell Walker, straw purchased firearms for individuals prohibited from legally buying and possessing guns. Walker engaged in this illicit business for monetary profit. He now objects to two aspects of the guideline calculation. First, he objects to the application of the firearms trafficking enhancement, despite his admission to trafficking guns. Second, he objects to not being awarded the acceptance of responsibility adjustment, despite having engaged criminal activity while on bond for the instant offense. For the reasons set forth below, both objections should be overruled.

**ARGUMENT**

    **I.**    **Walker Trafficked Firearms.**

Walker properly received a four-level enhancement under U.S.S.G. § 2K2.1(b)(5), which applies if "the defendant engaged in the trafficking of firearms." (R.40, PSR, ¶30.) A defendant has engaged in the trafficking of firearms if he transported, transferred, or otherwise disposed of two or more firearms to another individual" and "knew or had reason to believe that such

conduct would result in the transport, transfer, or disposal of a firearm to an individual" "whose possession or receipt of the firearm would be unlawful" or "who intended to use or dispose of the firearm unlawfully." U.S.S.G. § 2K2.1, cmt.13.

There is no dispute that Walker illegally purchased multiple firearms on behalf of Dontay Wilson in exchange for monetary gain. (R. 40, PSR, at ¶¶14-19, 23.) To avoid being held responsible for his firearm trafficking, Walker now argues that he did not know Dontay Wilson's possession of the firearms would be unlawful (R.42, Def's Sent. Memo, at PageID.98.) This argument is without merit.

Although Mr. Wilson was, in fact, a convicted felon at the time Walker purchased firearms on his behalf, Mr. Wilson "need not have *actually* been a felon for § 2K2.1(b)(5) to apply." *United States v. Henry*, 819 F.3d 856, 870 (6th Cir. 2016) (emphasis in original.) The Guidelines merely require that Walker have "had reason to believe" that Wilson's "possession or receipt of the firearm would be unlawful." U.S.S.G. § 2K2.1 cmt. n. 13(A)(ii). In determining whether Walker had reason to believe that Wilson's possession of the firearms would be unlawful, the facts and circumstances surrounding his illegal trafficking are important. In *United States v. Freeman*, 640 F.3d 180, 188–90 (6th Cir.2011), the Sixth Circuit held that "furtive" selling of firearms in the "wee hours" of the morning was sufficient indirect evidence to support the enhancement. *See United States v. Juarez*, 626 F.3d 246, 252 (5th Cir.2010) (holding that the fact that the transferee "did not wish to be associated with the [firearms] transactions," the secretive nature of the defendant's dealings with the transferee, "and the fact that she was paid $200 above the retail cost of each of twenty-five weapons ... would give Juarez reason to believe that the firearms were being purchased for an unlawful purpose"); *see also United States v. Garcia*, 635 F.3d 472, 478 (10th Cir.2011) (providing that court may rely on common-sense

inferences drawn from circumstantial evidence when determining applicability of a § 2K2.1(b)(5) enhancement).

As this wide precedent demonstrates, the focus of the trafficking enhancement is on what Walker knew *or had reason to believe* about Wilsons' plans for the firearms. The facts and circumstances prove by a preponderance that Walker had reason to believe that Wilson was going to use these firearms for an illegal purpose. Walker was buying guns on behalf of Wilson, instead of Wilson buying them himself. Walker went into the gun stores by himself in order to avoid Wilson being recorded on store surveillance cameras, because they knew this conduct was illegal and Wilson was attempting to hide his associating with the guns that Walker was purchasing on his behalf. (R.40, PSR, ¶16, 18.) Walker was getting paid a premium to assist Wilson in distancing himself from the guns. (*Id*. at ¶23.) Walker purchased guns for Wilson in the way on multiple occasions, only heightening the nefarious nature of their trafficking relationship. (*Id*. at ¶19.) The secretive nature of their dealings, the number of firearms purchased, and the profit that Walker was making from these transactions would give Walker reason to believe that Wilson's "possession or receipt of the firearm would be unlawful." The enhancement is appropriately scored.

## II.     Walker Did Not Earn the Acceptance of Responsibility Adjustment

Section 3E1.1 provides for an offense level reduction of up to three points for a defendant's acceptance of responsibility. The offense level can be reduced by two levels "[i]f the defendant clearly demonstrates acceptance of reasonability for his offense." U.S.S.G. § 3E1.1(a). An additional one-level decrease is available by motion of the government. *United States v. Collins*, 683 F.3d 697, 704 (6th Cir. 2012). The Guidelines list "voluntary termination or withdrawal from criminal conduct or associations" as a factor to be considered in determining whether a

defendant has accepted responsibility for his criminal conduct. *See* U.S.S.G.§ 3E1.1, App. Note 1(a). This is broadly written. *United States v. Watkins*, 911 F.2d 983 (5th Cir.1990) (section 3E1.1 is "phrased in general terms"). The defendant has the burden of demonstrating by a preponderance of the evidence that a reduction for acceptance of responsibility is warranted. *United States v. Benjamin*, 138 F.3d 1069, 1075 (6th Cir. 1998) (citing *United States v. Williams*, 940 F.2d 176, 181 (6th Cir. 1991)).

Walker cannot meet his burden. While on bond for the instant firearms offense, Walker was arrested carrying a concealed weapon, in violation of State of Michigan laws and the terms and conditions of his federal pretrial release. (R.40, PSR, ¶¶ 6, 7.) His bond was revoked, and Walker was remanded to federal custody. (*Id*. at ¶ 8.) Because of this continued offense conduct, the U.S. Probation Officer correctly determined that Walker had not "voluntary terminat[ed] or withdraw[an] from criminal conduct" as required to benefit from the acceptance of responsibility adjustment.

Courts have routinely upheld district courts' decisions to refuse to apply the enhancement, especially when the defendant has continued to engage in the same criminal conduct for which he has been convicted.  Consider, *United States v. Reed*, 951 F.2d 97 (6th Cir.1991), where the Sixth Circuit affirmed the district court's refusal to give an acceptance of responsibility reduction, when the defendant, while in jail pending sentencing for credit card fraud, engaged in further fraud from a jail telephone. *See also United States v. Jessup*, 966 F.2d 1354, 1356 (10th Cir.1992) (acceptance of responsibility reduction denied where defendant, who had been arrested and indicted under the Mann Act, "continued [his] behavior of sexually molesting young boys" while out on bond);); *United States v. Cooper*, 912 F.2d 344, 345-48 (9th Cir.1990) (acceptance of responsibility reduction denied where defendant, charged with fraud, became involved in

additional fraudulent activity); *United States v. Wivell*, 893 F.2d 156, 158-59 (8th Cir.1990) (acceptance of responsibility reduction denied where defendant, charged with attempted possession of cocaine with intent to distribute, dealt in cocaine while he was on bond awaiting disposition of the case). Walker continued to engage in illegal firearm possession while on federal bond. He had not earned the acceptance of responsibility adjustment.

## CONCLUSION

For all these reasons, the government respectfully believes that Walker's objections should be overruled.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: October 30, 2023

*/s/ Erin K. Lane*
ERIN K. LANE
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404